HENRY WARE, plaintiff in error, *vs.* FREDERICK SIMMONS, defendant in error.

1. Where a verbal contract was entered into between W. and H., by which the former agreed to furnish the latter supplies with which to make a crop, and H. agreed to deliver to said W. the crop out of which he was to reimburse himself for the supplies furnished, turning over the surplus to H., no lien upon said crop was created in favor of W.; and where H. had delivered a portion of the crop to S. under a contract with him for his labor in making the same, and W. deprived him thereof, claiming it under his contract with H., an action of trover was properly maintained therefor.
2. The plaintiff, in an action of trover, is not entitled to recover the highest proven value of the cotton sued for with interest thereon.

Trover. Contracts. Lien. Interest. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

Reported in the decision.

J. M. RUSSELL, for plaintiff in error.

J. M. McNEIL; B. A. THORNTON, for defendant.

Ware *vs.* Simmons.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiff against the defendant to recover the possession of one bale of cotton weighing four hundred and fifty pounds, of the alleged value of $90 00. On the trial of the case on an appeal from a justice's court, in the superior court, the jury, under the charge of the court, found a verdict for the plaintiff for the sum of $96 00. The defendant made a motion for a new trial on the grounds stated therein, which was overruled by the court, and the defendant excepted. It appears from the evidence in the record that the defendant was the owner of a certain described plantation and the stock thereon, that he rented the same for the year 1870 to one Harrison, by a *verbal* contract, the terms of which were that Harrison was to cultivate the place, and furnish the labor, and give defendant one-half of the crop for the use of the land and mules; defendant was to furnish supplies to him, and the other half of the crop was to be turned over by Harrison to defendant, to be sold by him for the payment of the supplies, and what remained after paying for all supplies, was to be paid over to Harrison. The plaintiff was a laborer employed by Harrison to cultivate the defendant's land, and he was to give him one-third of all he made, and the bale of cotton in controversy is a part of the crop which the plaintiff made on the place under his contract with Harrison, and which had been delivered to the plaintiff by Long, the agent of Harrison, and was in his possession when the defendant took it from him against his consent, and sold it in Columbus. The plaintiff asked the defendant for the cotton, and he refused to give it up. The plaintiff proved the weight and value of the cotton. The defendant proved that what Harrison turned over to him in payment for supplies lacked about $1,000 00 of paying for the supplies furnished. It also appears from the evidence that the plaintiff knew what were the terms of the contract between defendant and Harrison, and that plaintiff was indebted to Harrison $120 00 for supplies furnished by the latter to him. The de-

fendant claims the cotton under his contract with Harrison in payment of what he owes him for the supplies furnished him, under that contract. The grounds of the motion for a new trial were as follows:

1st. Because the court erred in charging the jury: "If Harrison rented the lands and mules of the defendant for a year, and if, under such a contract of renting, said Harrison went into possession thereof and raised corn and cotton on said place, the corn and cotton thus raised was the property of Harrison, although defendant agreed to furnish Harrison with supplies, and to be paid therefor out of the crop. Further, if the plaintiff, with a knowledge of such contract, contracted with Harrison to work on the place, and to be paid for his labor in a certain portion of the crop, and did, in pursuance of such a contract, work on the place for Harrison, and if after so working, said Harrison, by himself or his agent, divided said crop between himself and said plaintiff, and by said division set apart said bale of cotton sued for as the portion of said plaintiff, and said plaintiff took possession of it, said bale of cotton thereby became the property of the plaintiff, and said defendant was not authorized to take said bale of cotton for a debt due him by Harrison for supplies furnished, nor for any balance that plaintiff might owe to said Harrison."

2d. Because the court erred in this, to-wit: After having charged the jury, at the request of plaintiff's counsel, "that they might find the highest proven value of the cotton from time of conversion to commencement of the suit," when the jury returned their verdict "for $75 00 for his principal, and the sum of $21 00 as interest," and said verdict was read to the court, in directing them to change their verdict to, "We, the jury, find for the plaintiff the sum of $96 00 for his principal," that principal and interest might be consolidated.

3d. Because the jury found a verdict contrary to law.

4th. Because the jury found a verdict decidedly against the weight of evidence.

1. The contract between the defendant and Harrison being

a *verbal* one, the defendant had no lien on Harrison's part of the crop for supplies furnished him, and if Harrison, by himself or agent, delivered the bale of cotton sued for, to the plaintiff in payment for his labor out of his half of the crop in pursuance of his contract with him, the plaintiff was entitled to the same as against the defendant. If Harrison failed to turn over to the defendant enough of his part of the crop to pay for the supplies furnished under his contract, that was a matter between the defendant and Harrison, he had no *lien* on the bale of cotton which Harrison, by his agent, had delivered to the plaintiff in payment for his labor. If the contract between the defendant and Harrison had been in writing, and had created a lien upon the entire crop made on the place for the rent thereof and supplies furnished, then he could have foreclosed his lien in the manner provided by the statute, and have levied upon the entire crop. There was no error in the charge of the court in relation to this branch of the case, in view of the evidence contained in the record.

2. The court having charged the jury that they might find the highest proven value of the cotton from the time of conversion to the time of the commencement of the suit, the jury found a verdict for $75 00 principal and the sum of $21 for interest. The court directed the jury to consolidate the principal and interest, which they did, and returned a verdict for $96 00. This direction of the court to consolidate the interest with the highest proven value of the cotton as a part of the damages which the plaintiff was entitled to recover from the defendant for the conversion of the cotton, was error : *Barnett & Company vs. Thompson*, 37 *Georgia Reports*, 335. We therefore reverse the judgment, unless the plaintiff shall consent to write off from the verdict the sum of $21 00, and in the event of his doing so, the judgment to stand affirmed for the sum of $75 00.

Judgment reversed on terms.